AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | |
|---|---|
| United States of America<br>v.<br><br>ERFAN SALMANZADEH<br><br>*Defendant(s)* | Case No. 2:21-MJ-116 |

*U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS FILED JUL 30 2021 CLERK, U.S. DISTRICT COURT By_____ Deputy*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 26, 2021__ in the county of __Randall__ in the __Northern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 26, United States Code, Sections 5841, 5845, 5861(d) and 5871. | Possession of a Destructive Device |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

_____
*Complainant's signature*
Scott Hendricks, FBI SA
*Printed name and title*

Attested to in accordance with the requirements of Fed. R. Crim. P 4.1 by telephone

Date: July 30, 2021

_____
*Judge's signature*
Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

City and state: Amarillo, Texas

Case No. 2:21-MJ-116

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Special Agent, T. Scott Hendricks, being duly sworn under oath, do hereby depose and state:

I am a Special Agent with the Federal Bureau of Investigation (FBI), and I have been so employed since 2002. I am currently assigned to the Amarillo Resident office of the FBI in Amarillo, Texas. As part of my official duties, I have conducted and participated in investigations relating to firearms investigations and crimes of violence. As part of my duties and responsibilities as an FBI Special Agent, I am authorized to investigate crimes involving possession of a unregistered "firearm," in violation of 26 U.S.C. §§ 5841, 5845, 5861(d), and 5871.

1. On or about July 26, 2021, at approximately 4:07 p.m., the Amarillo Fire Department (AFD) and the Amarillo Police Department (APD) responded to 3613 Lenwood Drive, Amarillo, Texas, because of reports of a loud boom and possible explosion. APD uniform patrol officers arrived at the residence and encountered Iraj Salmanzadeh. Iraj is the father of Erfan Salmanzadeh, who also lives at the house. While speaking to Iraj, Erfan came out front and asked officers why they were there. When officers explained they were responding to a loud boom, Erfan went back inside the house. Shortly thereafter, officers learned that Erfan went back inside the house and poured what is believed to have been a triacetone triperoxide (TATP) mixture down the toilet. Officers also learned that Erfan went into the alley and disposed of other explosives. Upon further initial investigation, APD officers located a crater or defect in

**Affidavit in Support of Complaint – Page 1**

the backyard that appeared to have been created by an explosion. APD officers also located what appeared to be a suicide vest with explosives and an improvised explosive device (IED) described as a cylinder wrapped in BBs, nails, and other shrapnel.

2. The suicide vest was found in a dumpster in the alley behind the residence. The vest appeared to be home made and sewn together using a brown felt-type material and a set of suspenders. There were multiple red paper or cardboard tubing objects with "Dynamite" in handwritten writing on the outside in black lettering.

3. Another device believed to be an IED was also located in the same dumpster. The device was described as a large cylinder with nails, BBs, and other shrapnel fastened to it with clear tape. The APD Bomb Squad x-rayed the device which showed approximately eight small cylinders believed to contain an explosive substance inside.

4. The APD Bomb Squad tested the toilet inside the residence for TATP and it tested positive for TATP. TATP is a highly unstable explosive. TATP can be made using muriatic acid, acetone, and hydrogen peroxide.

5. While at the residence, Erfan was interviewed by APD Officer Jacob Daughett, FBI Special Agent Lee Bolyard, and FBI Task Force Officer (TFO) Michael Brewster. During the course of the interview, Erfan provided the following information to interviewing officers: Erfan explained in great detail how he mixed and produced TATP and how he constructed bombs. Efran explained that he learned how to make explosive material and construct bombs online. When the explosion in the backyard occurred, Efran said he was blowing up his Xbox game console. Erfan explained the

**Affidavit in Support of Complaint – Page 2**

purpose of his bomb making was to go out into the desert and create an explosion. Erfan admitted to purchasing acetone and muriatic acid at Walmart and hydrogen peroxide at Home Depot. Officers found that Erfan had bomb construction materials in his bedroom including a mechanical time trigger mechanism; tannerite stick; a jar of what appeared to be TATP; a suitcase with plastic squares; a backpack with sixteen empty water bottles; Christmas lights, three unopened bottles of acetone; three bottles of hydrogen peroxide; and muriatic acid.

6. Additionally, Erfan admitted to conducting two different explosions before July 26, 2021. Erfan explained that on July 4, 2021, he conducted an explosion that included one pipe bomb. The second explosion occurred around July 15 or 16, 2021, with three pipe bombs.

7. Erfan also told interviewers that he had plans to fly to California to visit his family. Erfan confirmed that upon his return, he planned to continue to make bombs.

8. A check with ATF and the National Firearms Registration and Transfer Record revealed that Erfan is not authorized to possess a destructive device nor were any of the devices found at his residence registered to Erfan in the National Firearms Registration and Transfer Record.

9. Based on the knowledge and experience of FBI and APD Bomb Techs on scene, I have probable cause to believe that the devices found at or near Erfan's residence were "destructive devices" as defined in 26 U.S.C. § 5845(f). A "destructive device" meets the definition of a "firearm" under 26 U.S.C. § 5845(a).

Based upon the above facts and circumstances, I respectfully submit that there is probable cause to believe Erfan Salmanzadeh did knowingly possess destructive devices that were not registered to him in the National Firearms Registration and Transfer Record in violation of Title 26 U.S.C §§ 5841, 5845, 5861(d), and 5871.

Scott Hendricks
FBI Special Agent

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge. Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 30th day of July 2021.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

Approved:

s/ Jeffrey R. Haag
Jeffrey R. Haag
Assistant United States Attorney

**Affidavit in Support of Complaint – Page 4**