

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 2:21-CR-066-Z |
| ERFAN SALMANZADEH | |

## FACTUAL RESUME

In support of Erfan Salmanzadeh's plea of guilty to the offense in Count Four of the superseding indictment, Salmanzadeh, the defendant, Eric Coats, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Four of the superseding indictment, charging a violation of 18 U.S.C. § 2332a(a)(2) that is, Use and Attempted Use of a Weapon of Mass Destruction, the government must prove each of the following elements beyond a reasonable doubt:[1]

> *First*: That the defendant used, threatened to use, attempted to use, or conspired to use a weapon of mass destruction against any person or property within the United States;
>
> *Second:* The defendant did not have lawful authority to use the weapon of mass destruction; and
>
> *Third*: That the mail or any facility of interstate or foreign commerce was used to further the offense; or the property was used in interstate or foreign commerce or in an activity that affects interstate or foreign commerce; or the offense, or the results of the offense, affected interstate or foreign commerce, or the offense

---

[1] Pattern Crim. Jury Instr. 11th Cir. OI O90 (2020).

Erfan Salmanzadeh
Factual Resume—Page 1

would have affected interstate or foreign commerce.

The term "weapon of mass destruction" means a destructive device, including any explosive, incendiary, or poison-gas bomb, grenade; or any weapon that is designed or intended to cause death or serious bodily injury through the release, dissemination, or effect of toxic or poisonous chemicals, or their precursors; or any weapon involving a biological agent, toxin, or vector, including a microorganism capable of causing death or disease in a human, animal, plant, or other living organism; or any weapon that is designed to release radiation or radioactivity at a level dangerous to human life.

## STIPULATED FACTS

1.  Erfan Salmanzadeh admits from on or about a date unknown and continuing through on or about July 26, 2021, in the Amarillo Division of the Northern District of Texas, and elsewhere, Erfan Salmanzadeh, defendant, acting without lawful authority, did unlawfully, knowingly, and intentionally use or attempt to use a weapon of mass destruction, as defined in 18 U.S.C. § 2332a(c)(2)(A), that is, a destructive device, as defined in section 921 of Title 18, meaning an explosive bomb and similar device, against any person or property within the United States and; the mail and a facility of interstate or foreign commerce was used in furtherance of the offense; such property was used in interstate or foreign commerce and in an activity that affects interstate or foreign commerce; and the offense, and the results of the offense, if it succeeded, would have affected interstate or foreign commerce.  All in violation of Title 18, United States Code, Section 2332a(a)(2)(A), (B), and (D).

2.  On July 26, 2021, at 3:56 p.m., a neighbor reported hearing a loud explosion at 3613 Lenwood Drive, Amarillo, Texas.  The caller noted that a similar incident occurred a few weeks earlier, but the caller did not report it. Shortly thereafter, the Amarillo Fire Department (AFD) and the Amarillo Police Department (APD)

responded to 3613 Lenwood Drive, the residence of Erfan Salmanzadeh (Salmanzadeh) and his father.

3. APD officers observed a large crater in the backyard of the residence that appeared to have been created by an explosion. There were clumps of dirt scattered around the area and there were plastic and metal pieces in the backyard. At approximately 5:12 p.m., APD officers spoke with both Salmanzadeh and his father outside the residence and told them that they were responding to a report of a loud boom in the backyard. Salmanzadeh said he was popping small firecrackers in his backyard and he was hitting the fireworks with a hammer. He said he had a mental illness and was screaming in the back yard earlier in the day and his neighbors got mad at him. He also said he was digging holes in the backyard with a shovel. Salmanzadeh then went back into the house.

4. At approximately 5:37 p.m., APD officers walked through the house toward the backyard with Salmanzadeh's father. At this time, Salmanzadeh admitted to APD that he blew up his XBOX in his backyard. He said he used the explosive triacetone triperoxide (TATP) that he had made using three different chemicals. Salmanzadeh admitted that he placed a PVC pipe filled with TATP inside the XBOX because he wanted to see how much damage the explosion would cause. Salmanzadeh admitted to APD officers that he had gone back into the house and flushed a gallon-sized jar of TATP powder down the toilet after APD officers had arrived. Salmanzadeh admitted that he had placed a suicide vest and a nail bomb in a dumpster located in the alley behind his house, and that neither

device was loaded with explosives. Salmanzadeh also placed the XBOX gaming console in the dumpster. Photos of the items recovered from the dumpster are below:





5.      According to an APD Certified Bomb Technician, TATP is a homemade explosive that is extremely unstable and reacts violently to friction and shock. APD

officers examined the toilet inside the house and observed what appeared to be a white substance in the water and on the porcelain on the inside of the toilet. The substance was collected and tested on site using a Thermo Scientific Gemini instrument and tested positive for TATP. Further tests conducted by the FBI Laboratory confirmed the presence of TATP.

6. Law enforcement officers located both the suicide vest and the nail bomb in a dumpster located in the east alley behind 3605 Lenwood Drive. The suicide vest was located on the right side of the dumpster and the nail bomb was on the left side. Law enforcement officers also located pieces of what appeared to be the exploded XBOX on the left side of a dumpster located behind 3609 Lenwood Drive. The suicide vest was brown with blue suspender straps and had several sewn pockets filled with red cylindrical-shaped tubes. The word "Dynamite" appeared to be handwritten in black ink on some of the tubes. The nail bomb was a cylindrical-shaped device with several red cylinders inside of it. Several rows of nails and BBs were taped around the nail bomb as shrapnel.

7. On July 26, 2021, law enforcement officers received consent to search the residence from both Salmanzadeh and his father. On July 27, 2021, law enforcement officers also obtained a search warrant to search the residence. During the search, law enforcement officers located multiple destructive devices in Salmanzadeh's residence. The following three devices were located:

    a) A destroyed XBOX console that Salmanzadeh exploded in his backyard with TATP and placed in a trash dumpster near his residence. The device was located on the left side of a trash dumpster located behind 3609

        Lenwood Drive. According to Salmanzadeh, he used one pipe bomb loaded with TATP to blow up the XBOX.

    b) A white PVC pipe approximately 2" wide and 3" tall with what appeared to be a Christmas light glued to the side of it and with the end of the wires stripped bare. The device was located on the top shelf of the closet in Salmanzadeh's bedroom. APD Bomb Technicians took X-rays of the device, which revealed that the device appeared to have an explosive filler.

    c) A white PVC pipe approximately 2" wide and 4" tall with blue painter's tape and a piece of duct tape, with the word "Explosive" written on it. The device was located on the top shelf of the closet in Salmanzadeh's bedroom. APD Bomb Technicians took X-rays of the device, which revealed that the device appeared to have an explosive filler.

8. The FBI and APD bomb squads conducted a controlled demolition of Items (b) and (c) mentioned above. Soil samples from the demolition were collected and submitted to the FBI Laboratory for testing to determine the substance(s) contained in the explosive devices. A test of Item (b) identified residue of TATP. A test of Item (c) identified residue of the high explosive nitroglycerin. According to the FBI Laboratory, nitroglycerin can be a component of smokeless powders, dynamite formulations, and some heart medications.

9. Law enforcement conducted checks with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and the National Firearms Registration and Transfer Record, which revealed that Salmanzadeh is not authorized to possess a destructive device, and the devices found at his residence were not registered to him in the National Firearms Registration and Transfer Record. Further, at no time did Salmanzadeh have lawful authority to possess or use a weapon of mass destruction.

10. In addition to the destructive devices, law enforcement officers located other items inside Salmanzadeh's residence that are often used in the creation of improvised explosive devices, such as equipment and precursor chemicals. Photographs of some of those items are below:











11.  Law enforcement also seized several electronic devices from Salmanzadeh's residence. A review of Salmanzadeh's digital devices revealed multiple videos that referenced Tascosa High School  Specifically, law enforcement located a video Salmanzadeh made on July 22, 2021. In this video, Salmanzadeh was speaking in a mixture of English and Farsi in his backyard and stating that he was going to blow up Tascosa High School. He said in Farsi, "We are going to blast the school … we are going to hit Tascosa … look at these." Salmanzadeh then filmed the nail bomb filled with shrapnel, the suicide vest filled with pipes labeled as explosives, a suitcase filled with containers labeled as explosives, and the backpack filled with bottles labeled as explosives.

12.  Law enforcement officers located several other videos that showed Salmanzadeh testing an explosive powder in his backyard and videos of him conducting test explosions. Law enforcement officers also located several journals that contained notes and formulas related to the production of explosives.

13.  Salmanzadeh admits that he used a facility of interstate or foreign commerce, namely, the Internet, to further the offense. Specifically, Salmanzadeh admits that he conducted all the research needed to construct TATP and a weapon of mass destruction using the Internet. Salmanzadeh purchased a plane ticket on the Internet so he could travel by airplane to California on July 28, 2021, to avoid detection by law enforcement after any bombing or attack.

14.  The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting

of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Four of the superseding indictment.

AGREED TO AND STIPULATED on this 27th day of October, 2022.

_____
Erfan Salmanzadeh
Defendant

CHAD E. MEACHAM
UNITED STATES ATTORNEY

_____
JOSHUA FRAUSTO
Assistant United States Attorney
Attorney-in-Charge
Texas State Bar Number 24074228
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Telephone:   806-324-2356
Facsimile:    806-324-2399
E-mail:         joshua.frausto@usdoj.gov

_____
Eric Coats
Attorney for Defendant

J.M
Interpreter